David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
email:  DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel:    323-790-4881
email:  MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS DIVERSIFIED HOLDINGS,<br><br>Nominal Defendant,<br><br>and<br><br>ADW CAPITAL MANAGEMENT, LLC,<br>ADW CAPITAL PARTNERS, L.P. and<br>ADAM D. WYDEN,<br><br>Defendants. | <u>**Case No. 26-CV-5786**</u><br><br><br>**COMPLAINT FOR<br>RECOVERY OF<br>SHORT-SWING PROFITS<br>UNDER 15 U.S.C. § 78p(b)**<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys,

complaining of the Defendants, respectfully alleges the following upon information and belief,

except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

1

**JURISDICTION:**

1.      This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES:**

2.      Plaintiff is a security owner of COMPASS DIVERSIFIED HOLDINGS ("COMPASS DIVERSIFIED"), a Delaware corporation with principal offices at 301 Riverside Avenue, Westport, CT 06880.

3.      At all times relevant the common stock of COMPASS DIVERSIFIED was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*, and its shares were and are traded on the New York Stock Exchange, a National Securities Exchange located in New York State within this district.

4.      This action is brought in the right and for the benefit of COMPASS DIVERSIFIED which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5.      At all times relevant ADW CAPITAL MANGEMENT, LLC, ADW CAPITAL PARTNERS, L.P. AND ADAM D. WYDEN each and collectvely ("DEFENDANTS") was and were more than 10% beneficial owners of COMPASS DIVERSIFIED by reason of their constituting a group under Section 13(d) of the Act, acting in concert to acquire, hold or sell shares of COMPASS DIVESIFIED.

6.      ADW CAPITAL PARTNERS, L.P. is the record and direct beneficial owner of the securities covered bt this complaint.

2

7.      ADW CAPITAL MANAGEMENT, LLC is the general partner and investment manager of ADW CAPITAL PARTNERS, L.P. and may be deemed to beneficially own securities owned by ADW CAPITAL PARTNERS, L.P.

8.      ADAM D, WYDEN is the sole manager of, and may be deemed to beneficially own, securities owned by ADW CAPITAL MANAGEMENT, LLC. and ADW CAPITAL PARTNERS, L.P.

9.      Each of the DEFENDANTS' liability is limited to its or his pecuniary interest in subject transactions.

10.     DEFENDANTS and each of them have an office or may be found at 6431 Allison Road, Miami, Florida 33141.

**STATUTORY REQUISITES:**

11.     The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

12.     Demand for prosecution was made on COMPASS DIVERSIFIED by e-mail and by first class mail on or about June 3, 2026. COMPASS DIVERSIFIED responded through counsel via E-mail on July 6, 2026, indicating that it would not act to recover on its own behalf. Further delay in instituting suit would be a futile gesture.

13.     This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

3

**FIRST CLAIM FOR RELIEF:**

14.    On or about May 29, 2026, the defendants or one or more of them purchased 10,000 call options for the purchase of 1,000,000 shares of COMPASS DIVERSIFIED common stock

15.    The purchase of a call option is deemed the purchase of underlying shares.

16.    On or about May 7, 2026, the defendants or one or more of them sold 30,000 call options for the purchase of 3,000,000 shares of COMPASS DIVERSIFIED common stock.

17.    The sale of a call option is deemed the sale of underlying shares.

18.    The deemed purchase and the deemed sale were made within a period of less than six months, the sales at higher prices than the purchases.

19.    The DEFENDANTS realized short-swing profits in amounts presently unknown to the Plaintiff but estimated to exceed $700,000. These profits belong to COMPASS DIVERSIFIED and are recoverable by Plaintiff on its behalf and for its benefit, COMPASS DIVERSIFIED having declined to do so itself.

**SECOND CLAIM FOR RELIEF:**

20.    This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this action.

21.    The DEFENDANTS, during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of COMPASS DIVERSIFIED within periods of less than six months of each other while more than 10% beneficial owners of COMPASS

4

DIVERSIFIED, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

22.    By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while insiders of COMPASS DIVERSIFIED, The DEFENDANTS and each of them realized profits limited to their respective pecuniary interests, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, COMPASS DIVERSIFIED.

**WHEREFORE**, Plaintiff demands judgment:

a.    Requiring The DEFENDANTS and each of them to account for and to pay over to COMPASS DIVERSIFIED all short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b.    Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fees; and;

c.    Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated: Southampton, New York
   July 8, 2026

        Yours, etc.

        David Lopez, Esq. (DL-6779)
        Miriam Tauber, Esq. (MT-1979)
        *Attorneys for Plaintiff*